UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     **Case No. 13-CR-112**

NICHOLAS HERBURGER,
        Defendant.

---

## MOTION
## FOR CONDITIONS OF RELEASE

---

The defendant, Nicholas Herburger, by his attorney, Kathleen M. Quinn, hereby moves the Court for an order for conditions of release pending resolution of the captioned matter. Herburger's case is scheduled for a plea hearing this afternoon. However, because the proposed plea agreement has not yet been received and reviewed and because negotiations are ongoing, Herburger will *not* be entering a plea today. He asks, instead, that the Court consider this motion at this afternoon's hearing.

Considering the factors set forth in 18 U.S.C. §3143(g)(1) and (2), conditions of release exist to reasonably assure Herburger's appearance and the safety of the community. As grounds for this motion, the Court is shown the following:

1. Herburger is charged with three counts of criminal conduct. In Count One of the indictment, he is charged with having knowingly and intentionally distributed heroin on June 21, 2012. Count Two charges Herburger with being an unlawful user of a controlled substance (heroin) in possession of

1

two firearms on July 10, 2012. Count Three charges that on that same date -- July 10, 2012 -- Herburger knowingly and intentionally possessed with the intent to distribute heroin. He faces maximum imprisonment of twenty years, ten years, and twenty years on these charges, respectively.

2. Review of the discovery indicates that evidence at trial will likely include the testimony of persons who claim to have had first-hand drug dealings with Herburger, surveillance videos and recordings of several purported controlled buys with Herburger, and statements attributed to Herburger to law enforcement which purport to be incriminating.

3. It is my understanding that, at the last hearing at which release of Herburger was considered, the government and the court had serious and understandable concerns about Herburger's ability to refrain from the use of heroin. Now, three months later, Herburger has, due to his incarceration, gained a running start on ongoing sobriety and abstinence. He welcomes drug treatment and monitoring in the community as a condition of his release. The concerns for the safety of Herburger and the community are dramatically reduced by the fact that Herburger has a short but meaningful history, now, of being free from drug use. His mental and physical condition is much more amenable to being able to comply with court ordered conditions of release than when he was first taken into custody.

4. Herburger understands that it is unlikely that he would be allowed to return to work at Wholesale Tools - - where he had worked since 1999 until his arrest - - because it is alleged that this is the site of some of his illegal drug activity. He is capable of applying for and maintaining other employment if the court allows. Indeed, having a drive to work, Herburger has been working long shifts in the kitchen at the Juneau County Detention Facility. He can certainly willing to obtain any type of employment in the community.

5. Herburger's ex-wife continues to be supportive of Herburger and it is my understanding she is willing to have Herburger return to the residence the two shared before his arrest. There is equity in the home in which the two lived and, if required, the home can be used to secure Herburger's release. Herburger's mother lives near the home Herburger shared with his ex-wife. Before his arrest, Herburger helped care for his mother who requires a lot of assistance due to her having multiple sclerosis. With the court's permission, he hopes to resume some of the care-taking responsibilities for his mother.

6. Herburger has prior convictions for theft (1987 - - completed probation); disorderly conduct (2007 - - fine); and another disorderly conduct (2009 - 90 days jail imposed after unsuccessful bid at a deferred prosecution agreement). During the time frame at issue in this case, Herburger was not on probation or parole or other release.

7. The Pretrial Services report dated June 18, 2013 recommended release on personal recognizance with the following conditions:

-participation in urinalysis and residential or outpatient treatment – - the costs of which Herburger should pay as directed by Pretrial Services;
-surrender of any passport to the Clerk of Court
-travel restriction to the Eastern District of Wisconsin
-report to Pretrial Services as directed.

Wherefore, Herburger moves the Court for an order setting conditions for his release.

Dated this 16th day of September, 2013.

Respectfully submitted:

 s/Kathleen M. Quinn
Kathleen M. Quinn, SBN 1025117
Attorney for Nicholas Herburger
207 E. Buffalo Street, Suite 514
Milwaukee, WI 53202
414-765-2373; Fax: 414-765-0828
E-mail: quinnkathleen@4law.com

4